CUMMINGS *versus* BUCKFIELD BRANCH RAIL ROAD.

Misdescriptions in contracts or judgments in suit, are amendable, at the discretion of the Judge as to terms.

To the rulings of the Judge in matters within his discretion exceptions cannot lie.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding.

DEBT on judgment for $1896,86, damage, and $5,33, cost, recovered March term, 1851, alleging that it was unsatisfied for $100.

After issue and joinder upon the plea of *nul tiel record*, the plaintiff read the record, and moved for leave to amend his declaration so as to read $1896,80, instead of $1896,86.

It appeared by the record, that the plaintiff, at the same March term, 1851, had recovered against the defendants a judgment for $1896,80, and also a judgment for $2443,96, with $5,53 cost in each suit.

The amendment, though objected to, was allowed and made. Upon that evidence, the Judge instructed the jury, that the action was maintainable, and the verdict was for the plaintiff.

To those rulings and instructions, the defendants excepted.

*Geo. F. Emery,* for the defendants.

1. The amendment substituted one cause of action for another, and was therefore unauthorized.

The change was in a material particular, viz. the amount to be recovered, the very gist of the action. *Note to Bristow* v. *Wright,* 1 Smith's Leading Cases, 453 ; *Eichelberger* v. *Smyser,* 8 Watts, 181.

The issue in this case was purely one of *identity.* Two judgments had been rendered in favor of the plaintiff *v.* the defendants at the same term. Would it have been competent for the Court to have allowed an amendment, substituting the larger judgment for the one declared on, or had the other judgment been less in amount than this, could that have been substituted ? Certainly not, because it would have substituted a different cause of action. Equally did the amendment allowed, substitute a new cause of action. It was not the judgment which the defendants had notice to defend against. The amendment took from him a verdict to which on the proper plea he was entitled, and would have had, and therefore should not have been allowed.

2. This action is not maintainable, because when it was commenced, the plaintiff could have taken out his alias execution for the balance due, if any.

For, although in *Clarke* v. *Goodwin,* 14 Mass. 239, the Court decided differently, the reasons for the opinion in that case do not now exist. Consequently the reasons failing, the law itself falls. *Cessat ratio, cessat lex.* That the plaintiff should be estopped from maintaining an action under such circumstances, appears from the fact that he may thus get two executions for the same cause of action. Public policy also requires, that there should be an end of lawsuits.

3. No evidence was introduced to show any thing due, and

hence the action is not maintainable. The allegation that the judgment remains unsatisfied for the sum of $100, is a material one, and should be proved. The plaintiff alone has power to prove it, having the exclusive control of the execution.

4. Should the exceptions be overruled, no costs can be recovered. R. S. c. 115, § 96.

*E. L. Cummings,* for the plaintiff.

APPLETON, J. — If any error arises in misdescribing a contract or judgment in suit, it is a matter of discretion on the part of the presiding Judge, when and on what terms to permit its correction. When the mistake is corrected, it is not to be viewed as a new cause of action but as the correction of an error in the statement of the one declared upon. The exercise of this discretion in matters legally amendable, is not the subject of exceptions. If it were, still the amendment was properly allowed in this case. *Stanwood* v. *Scovil,* 4 Pick. 422; *Greene* v. *Jackson,* 15 Maine, 136; *Smith* v. *Palmer,* 6 Cush. 513.

The judgment in suit was recovered at the March term, 1851, of the late District Court, and the execution issued thereon has in part been satisfied. By R. S. c. 115, § 105, " an *alias* or *pluries* execution may be issued within three years next after the day in which the last preceding execution was returnable, and not afterwards. As the plaintiff might have renewed his execution, it is insisted that he cannot maintain this action. But such is not the common law, and that is not changed by any statutory provisions. By § 96, of the chapter before referred to, costs are not allowed when an action is commenced upon a judgment on which at the time of its commencement an execution might have issued, except in the case of trustee process, but the suit is not prohibited. The plaintiff is therefore entitled to judgment for the amount due.

*Exceptions overruled.*

*Judgment on the verdict.*

SHEPLEY, C. J., and TENNEY, WELLS and HOWARD, J. J., concurred.